Hand vs. Agen.

_____

HAND, Respondent, vs. AGEN, Appellant.

*May 24— June 11, 1897.*

96  493
f107  96

*Contracts: Architects: Compensation: Instructions to jury: Immaterial errors.*

1. In an action to recover a balance alleged to be due for architect's services, the plaintiff claimed that he first prepared plans, etc., for a two-story building for defendant, under an agreement that he was to receive for his work, including superintendence, four per cent. of the contract price, but that the building was never constructed; and that subsequently at defendant's request he prepared plans, etc., for a three-story building, and began the superintendence of the same, but was discharged before the work had been

completed. Undisputed testimony showed that the value of an architect's services in preparing plans, etc., where his entire compensation had been fixed at four per cent., was two and one-half per cent. of the contract price of the building. *Held*, that the two sets of plans were properly regarded as applying to two different buildings, and that the plaintiff might recover two and one-half per cent. of the contract price of each.

2. Confusion in the statements of the trial judge in his charge to the jury concerning the measure of damages will not work a reversal, where the verdict clearly shows that the jury were not misled thereby.

3. Instructions admonishing the jury that they should not come to too positive a conclusion until they had discussed the matter, one with another; and that they should revolve the matters in their minds until 9 o'clock the next morning, but not become set on it until they had heard the discussion from the brethren in the jury room, which they would find perhaps more valuable than any other discussion they had heard,— do not constitute material error.

APPEAL from a judgment of the superior court of Douglas county: CHAS. SMITH, Judge. *Affirmed.*

The cause was submitted for the appellant on separate briefs by *Butler & Grace* and *L. S. Butler,* and for the respondent on the brief of *Manwaring & Cooke.*

CASSODAY, C. J. The plaintiff brought this action against the defendant to recover the balance due for his services as an architect upon two alleged causes of action. The first cause of action so alleged is to the effect that July 1, 1892, the plaintiff entered into an oral agreement with the defendant to furnish plans, drawings, and specifications for a two-story building to be erected by the defendant, and to superintend the construction of the same, for the agreed compensation of four per centum on the lowest bid therefor, which was $12,600; that, after receiving such plans and bids, the defendant did not erect the building, nor proceed further towards the erection thereof; that such plans, drawings, and specifications, without superintendence, were reasonably worth, and worth by the ordinary and current prices paid

for such services, and proportionately under the contract, the sum of two and one-half per centum upon the lowest bid so received, to wit, $315; and that the defendant had paid to the plaintiff thereon $250, August 10, 1892, leaving a balance due and unpaid of $65.

The second cause of action so alleged is to the effect that July 20, 1892, the defendant instructed the plaintiff to prepare and submit to him plans, drawings, and specifications for a three-story building to be erected by him, which the plaintiff did, to the satisfaction of the defendant, who thereupon advertised for bids on the same; that the contract for the erection of such building, according to such plans, drawings, and specifications, was let by the defendant for the sum of $16,500, exclusive of plumbing; that the plumbing was let for $500, making a total of $17,000; that the defendant then requested the plaintiff to superintend the erection of said building, agreeing thereby to pay him a reasonable price for his services when the building should be completed under his superintendence; that the plaintiff superintended the construction of the building as an architect should do until August 31, 1892, at which time the foundation of the building was nearly completed, under the plaintiff's supervision, when the defendant discharged the plaintiff, without legal or reasonable justification or excuse therefor; that such services of the plaintiff, so performed at the request of the defendant, were reasonably worth, and worth by the ordinary and current prices paid for such services, and the defendant agreed to pay therefor, the sum of four per centum of the contract price as stated, to wit, $680; and that the defendant had never paid the same, nor any part thereof. The complaint further demands judgment against the defendant for the $65, with interest from July 20, 1892, and $680, with interest from August 31, 1892, and costs.

The answer to the respective causes of action consists of admissions, denials, and counter allegations, and claims that

Hand vs. Agen.

the services alleged in the first cause of action were only worth the $250 which was paid, and that, by reason of certain mistakes and negligence of the plaintiff in performing the services alleged in the second cause of action, the defendant was damaged to the amount of $2,500, which is set forth by way of counterclaim. In replying to such counterclaim, the plaintiff admits there were three clerical mistakes in the specifications, which cost $51.50 to rectify, and asks to have that amount deducted from the amount claimed in his complaint, and then denies all other alleged damages. At the close of the trial, the jury returned a verdict in favor of the plaintiff, and assessed his damages at $421.72. From the judgment entered thereon the defendant brings this appeal.

Error is assigned because the court charged the jury as follows: "Now you are instructed that if plaintiff's testimony is substantially true, and that he was employed to prepare plans and specifications for a two-story building, with no understanding that a three-story building might be substituted without pay for the first plans, he is entitled to two and one-half per cent. on $12,600 for the preparation of the first plans and specifications, and to four per cent. on $17,000, the construction price of the three-story building, provided he was discharged without just cause, subject, however, to any counterclaim you may find defendant has established for damages for mistake in plans and specifications. If you find plaintiff was properly discharged, he would in such case be entitled to two and one-half per cent. on $17,000; that is, pay for the plans and specifications." This portion of the charge was to guide the jury in case they found that the plaintiff had proved the causes of action alleged in his complaint, and had been discharged without just cause, subject, however, to any counterclaim for damages which they might find the defendant had established. Such portion of the charge appears to have been justified by the undisputed expert evidence as to the ordinary charge of an architect for preparing

Hand vs. Agen.

plans and specifications, without superintendence; and this, as we understand, is substantially conceded by counsel for the defendant. The claim seems to be, however, that such evidence should only apply where there is but one set of plans and specifications prepared and used, or expected to be used, for the same building, but "does not apply where changes are made in the plans of the building, either before or during its construction, even when it may involve the preparation of entirely new plans." Under the pleadings and the testimony, we do not think that such evidence can be so restricted. There seems to have been no connection nor relationship between the plans and specifications for the two-story building, which the defendant never constructed, and the plans and specifications of the three-story building, which he did construct, unless it be that the latter was lo-cated at the same place where the defendant had intended to locate the former. We think the trial court properly treated the two sets of plans and specifications, respectively, as applying entirely to different buildings. There does not appear to be any evidence that the plans and specifications not used lessened the work upon or the value of the plans and specifications which were used. The court charged the jury that, "of course, here it appears that plaintiff did enter upon and do some work in the way of supervision, but there has been no testimony here to show what that amount of supervision was worth; so we have to discard that." This took from the jury the question as to how much, if anything, the plaintiff was to recover for his services in supervising the work.

Error is assigned because the court charged the jury that "he [the defendant] further claims and has introduced testimony tending to prove that plaintiff proved inattentive or inefficient in superintending the work. If he was not reasonably attentive or efficient, it was competent for defendant to discharge him, in which case plaintiff would be entitled to

seven-tenths of $350." This is followed in the charge by an explanation which counsel claim "established for the jury" two "diverse ratios," which "must have created confusion" in their minds. Assuming such to have been the tendency of the explanation, yet the amount of the verdict clearly shows that the jury were not misled by it.

Error is assigned because the court admonished the jury not to come to too positive a conclusion until they had discussed the matter, one with the other; that they should revolve the matter in their minds between then and 9 o'clock the next morning, but not become set on it until they had heard the discussion from the brethren in the jury room, which they would find perhaps more valuable than any other discussion they had heard. Under the repeated rulings of this court we must hold that these expressions of the trial court do not constitute reversible error. *Giese v. Schultz,* 69 Wis. 521; *Odette v. State,* 90 Wis. 263; *Jackson v. State,* 91 Wis. 267.

The facts in issue were determined by the jury. We find no reversible error in the record.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.