IN RE GUARDIANSHIP OF MINNIE KAPLAN, INCOMPETENT.
MARQUETTE TRUST COMPANY, APPELLANT; FRANK J. COLLINS, RESPONDENT.[1]

December 23, 1932.

No. 29,157.

[1]Reported in 246 N. W. 5.

*J. A. Mansfield* and *Roy E. J. Puelston,* for appellant.
*Frank J. Collins,* pro se.

OLSEN, J.

Appeal by Marquette Trust Company, as guardian of Minnie Kaplan, from a judgment in favor of the respondent, Frank J. Collins.

Minnie Kaplan was adjudged incompetent by the probate court of Hennepin county, and the Marquette Trust Company was appointed guardian of her estate. The respondent, an attorney at law, represented and appeared for Mrs. Kaplan in the proceeding and contest in probate court. The court allowed him compensation for his services in the proceeding up to the time of the adjudication finding her incompetent. About a month or six weeks thereafter Mrs. Kaplan petitioned the probate court for an order restoring her to capacity. Respondent continued as her attorney, made further investigation as to evidence, secured the services of an expert alienist as to Mrs. Kaplan's mental capacity, presented her petition for restoration, and conducted the hearing thereon. The probate court denied the petition to restore Mrs. Kaplan to capacity. Respondent, as attorney for her, appealed from that decision to the district court. He thereafter presented to the probate court for allowance his claim for fees for services and for expenses in the matter of the application for restoration of Mrs. Kaplan to capacity. The probate court disallowed the claim. Respondent appealed to the

district court. Hearing was there had, and the district court made findings of fact in respondent's favor, reversing the order of the probate court disallowing respondent's claim, and awarding respondent $393 for his services and expenses. Judgment was thereupon entered against the Marquette Trust Company, as guardian, for that amount, with authority to the trust company to expend said sum for and on behalf of its ward. The appeal from the order refusing to restore Mrs. Kaplan to capacity was dismissed at this hearing.

■ ▪ Appellant presents three questions for review. First, it appears that the amount of $393 awarded by the court consists of $300 for attorney's fees and $93 for expenses incurred. The appellant contends that the $300 so allowed for services included, to a material extent, services personal to Mrs. Kaplan and not connected with the proceeding to restore her to capacity. There is evidence to show that some of the services included in respondent's claim were not connected with the probate proceedings. The extent and value thereof do not clearly appear. But at the opening of the trial the parties stipulated: "That if there is any liability at all the total sum allowed may be in the sum of $385." Other parts of the stipulation show that this sum consisted of $300 for services and $85 for expenses. Appellant cannot now complain of the amount of the allowance for services. The court allowed $93 for expenses, which is $8 more than the amount stated in the stipulation. But the evidence fully sustains this $8 additional expense allowance, and it is not seriously contested.

■ The second point urged is that the probate court, in a guardianship proceeding, and the district court, on appeal from the probate court, have no authority or jurisdiction to allow attorney's fees or expenses to an attorney for an incompetent person in a proceeding for restoration to capacity where the attorney is not employed by the guardian. Under G. S. 1923 (2 Mason, 1927) § 8929, the incompetent had the legal right to apply to the probate court for restoration to capacity. All her property being then in the hands of her guardian and subject to the control of the probate court, she

517

would be practically helpless to carry on the proceeding for restoration to capacity unless the probate court would allow sufficient of her property in the hands of her guardian to be used for the payment of necessary attorney's fees and expenses. If the incompetent and her attorney acted in good faith and the trial court has so found on sufficient evidence, there appears to be no reason why the probate court was not authorized to allow the necessary sum to pay the fees and expenses out of the estate of the ward. The case of Kelly v. Kelly, 72 Minn. 19, 74 N. W. 899, holds that the probate court has such authority, and no case in this state to the contrary has been called to our attention. It is true that in the Kelly case, 72 Minn. 19, 74 N. W. 899, the probate court authorized the expenditures before the same were incurred. But there is no statute expressly requiring such prior authorization; and if the probate court had power so to authorize, it had power also to allow such expenditures after same were incurred. The power being there, it did not cease because there had been no prior authorization.

■ It is argued in the appellant's brief that these expenditures were not necessary expenditures in the guardianship matter. The trial court found that they were reasonably necessary in order to apply for and have a proper hearing on the application for restoration to capacity. This finding is sustained by the stipulation and evidence. Being necessary for the protection of the ward's legal rights, it must be held that these expenditures stand on the same footing as expenses for necessary food, clothing, and other requirements for the ward.

Judgment affirmed.