**In Re CONSERVATORSHIPS OF T.L.R., C.A.R., D.M.R., Conservatees.**

**No. C8–85–878.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

Richard H. West, Buffalo, for Conservatees.

Thomas D. Hayes, Smith, Pringle & Hayes, Monticello, for appellant Conservator.

James R. Hall, Veterans Admin., Fort Snelling, St. Paul, for respondent Veterans Admin.

Paul H. Jacobson, Minneapolis, for Sur. Aetna Life & Cas. Co.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant conservator appeals from an order that removed her as conservator of her children's estates, declared her bond forfeited, and appointed the Commissioner of Veterans Affairs of the State of Minnesota as substitute conservator. Judgment of $12,875 was entered in favor of the new conservator and against appellant. Appellant contends that the trial court abused its discretion when it: (1) removed her as conservator, (2) ordered forfeiture of the bond, (3) did not offset the bond against the judgment, and (4) determined the amount of the judgment without deducting certain expenditures. We affirm as modified.

## FACTS

T.L.R., C.A.R. and D.M.R., beneficiaries of their deceased father's life insurance policy, each received $4,666.66 upon his death. The children also receive monthly Veterans Administration and Social Security benefits.

The children's mother petitioned the Wright County Probate Court to name her conservator of the children's estates. On November 7, 1983, the probate court ordered that:

1. [Appellant] * * * be appointed Conservator herein.

* * * * * *

3. That a minor settlement fund be established with the three children's life insurance, accounts of about $4,666.66 each, to be used only for the benefit of the children, and withdrawals only upon Court Order, with [appellant] Conservator as Trustee, as in a minor settlement account with the balance of each child's share of interest and principal going to each child unless otherwise Court ordered, upon each becoming age eighteen.

4. That for a period of 12 months following this hearing, that is until October 25, 1984, unless otherwise ordered by this Court, Conservator will (on a quarterly basis) give a quarterly report (on the basis of a mini-annual report) to her attorney, Mr. Heffernan, in addition to the regular annual reports, and he shall submit said reports to Attorney West. Said reports shall contain the flow chart of income and expenses dealing with proceeds obtained and expended from monthly Social Security survivorship benefits Conservator shall use for the benefit of the children.

5. A bond shall be posted in the amount of $10,000 during the pendency of this Conservatorship.

6. Either party reserves the right to apply to the Court for additional and further relief herein.

Counsel for appellant during the conservatorship proceedings was Donald J. Heffernan. *In re Heffernan*, 351 N.W.2d 13 (Minn.1984).

Appellant failed to file an inventory of the assets of the conservatorship as required by Minn.Stat. § 525.561 (1984). No court order authorizing any expenditures of the insurance funds was requested or issued. No quarterly reports were filed.

Annual accounts were filed with the probate court on January 29, 1985. The accounts show that in addition to the $4,666 insurance fund, each child received $4,806 in Veterans and Social Security benefits over a fifteen-month period. There was a deficit balance in each child's insurance fund account on January 29, 1985.

On February 6, 1985, the Wright County Probate Court, on its own motion, issued an order for examination of the conservator's annual account. The court also gave notice of a hearing to show cause why appellant should not be removed as conservator and why her bond should not be forfeited. No testimony or formal evidence was submitted at that April 12, 1985 hearing. Documentary evidence of expenditures made on behalf of the children was filed with the court subsequent to the hearing. Counsel for the conservator, the guardian ad litem for the conservatees, counsel for the Veterans Administration, and counsel for the bonding company presented arguments at the hearing.

The court found that the conservator had violated her fiduciary duty, failed to comply with court orders, and failed to account for the funds. The court specifically found that $14,000 (the amount of the insurance fund) was expended without court approval, and that the accounts contained expenditures "not properly attributable to the expenses of maintaining such children."

The court ordered the conservator removed. The Commissioner of Veterans Affairs of the State of Minnesota was appointed conservator. The court further ordered that the $10,000 bond be forfeited and paid to the new conservator. The court ordered judgment of $14,000 against appellant in favor of the new conservator, less any amounts that the court later determined to be allowable expenses. Appellant was allowed two weeks to file proof of those expenses with the court. Subsequently, the probate court found as an allowable expense $1,125 which had been used for the children's dental work. Judgment of $12,875 was entered May 10, 1985.

## ISSUES

1. Did the probate court abuse its discretion when it ordered appellant removed as conservator?

2. Did the probate court err in ordering the bond forfeited?

3. Did the probate court properly enter judgment against appellant and determine the allowable expenditures made by her?

4. Did the probate court err in failing to reduce the judgment by the amount of the bond?

## ANALYSIS

### I.

■ Chapter 525 of the Minnesota Statutes governs guardianships and conservatorships. Minn.Stat. § 525.582(d) (1984) provides:

> If a guardian or conservator becomes unsuitable, incapacitated or disabled, or violates his trust or fails to perform any duty imposed on him by law or the lawful order of the court, the court upon petition or the courts' own motion may remove him after notice.

Appellant does not dispute that she expended funds without court approval or that no quarterly reports were filed as required by the probate court's order. The court was authorized by statute to remove appellant as conservator and it did not abuse its discretion in doing so.

### II.

Minn.Stat. § 525.551, subd. 6 (1984) provides in part:

> In case of breach of a condition of the bond an action thereon may be prosecuted by leave of the court by any interested person or by the court on its own motion.

Bond was required to secure performance of the conservator's fiduciary duties. "Fiduciary" includes personal representative, guardian, conservator and trustee. Minn. Stat. § 524.1–201(13) (1984).

■ A breach of bond has been found in instances where there has been a failure to render an accounting, or a refusal or failure to obey an order or decree of the probate court, or any waste or misappropriation of the estate's assets. 2 Minnesota Probate Law Digest § 29.31, at 67–68 (Feb.

1985). All of these breaches occurred in this case. We find no error in the probate court's determination that the conservator's bond be forfeited.

### III.

■ Minn.Stat. § 525.582(b) (1984) provides that:

> If, after hearing on notice as the court may require to the guardian, conservator and any surety, there is determined to be mismanagement, a shortage of funds, or other misconduct for which the guardian, conservator or a surety is liable, the court shall settle the account and enter judgment against the guardian, conservator or any surety as may be appropriate. The judgment may be filed, docketed and enforced in the same manner as any other judgment. This remedy is in addition to any other remedy available for breach of any condition of the bond.

The statute specifically contemplates that a judgment against a conservator may be filed in addition to a remedy for the breach of a bond. The word "may" indicates that the probate court has discretion to determine whether a judgment is appropriate and if so, in what amount.

Appellant challenges the trial court's authority to enter judgment against her. She relies on *In Re Soltis' Estate*, 177 Minn. 571, 225 N.W. 896 (1929), and *In Re Besondy*, 32 Minn. 385, 20 N.W. 366 (1884), for the proposition that she had the duty and authority to apply all of the estate funds to the support of her children. In *Soltis' Estate*, the court stated:

> But it is the universal rule that where a parent, whether father or mother, does not possess sufficient means for the proper support of the children and they have property of their own[,] such property may be applied toward their support.

*Soltis' Estate*, 177 Minn. at 574, 225 N.W. at 897.

Appellant's reliance on these cases is misplaced. Certainly, appellant properly applied certain "property" of the children

toward their support: the monthly Veterans and Social Security benefits. Both the statute[1] and the court's November 7, 1983 order contemplate that these monthly benefits be used to support the children. Appellant's expenditures of the children's Social Security and Veterans Administration funds were not challenged.

Appellant's expenditures of the insurance funds, however, were challenged. Accounts filed by appellant show that the children's insurance funds were charged $18,000 for food, utilities, housing, furniture, moving expenses, and medical expenses incurred by the family. Pursuant to Minn.Stat. § 525.56, subd. 4(1), appellant was obligated as a parent to pay these types of expenses. Under the terms of the court's November 7, 1983 order, she was not permitted as conservator to use the insurance funds without court approval. Appellant had the Veterans and Social Security funds available to meet the children's needs. If those funds were insufficient, she could have sought the court's approval to expend the insurance funds.

The trial court found that, with the exception of $1,125 of dental expenses, expenditures made by appellant from the children's insurance funds "were not properly attributable to expenses of maintaining such children."

A probate court's determination of factual questions will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. With the exception of the $120 cost of the surety bond, we find no clear error in the trial court's determination of allowable expenses. We conclude that the trial court should have allowed the cost of the surety bond as a proper charge against the children's insurance funds.

## IV.

The trial court ordered that the $10,000 bond be forfeited and paid over to the new conservator for the benefit of the children. In addition, the trial court entered judgment against appellant in the sum of $12,875. We believe the trial court erred in doing so. Appellant improperly diminished the children's insurance funds by $12,755. Of that amount, $10,000 will be restored to the insurance funds through payment of the bond proceeds. Judgment against appellant for $2,755 would restore all of the misappropriated amounts to the insurance funds. Therefore, we reduce judgment against appellant to $2,755.

## DECISION

The probate court did not err in removing appellant as conservator, ordering the bond forfeited, or entering judgment against appellant. Allowable expenditures from the conservatees' estates includes the $120 cost of the surety bond and judgment against appellant for $2,755 would restore all of the misappropriated amounts to the insurance funds. Hence, we remand to the probate court for entry of an amended judgment against appellant in the amount of $2,755.

Affirmed as modified and remanded for entry of amended judgment.

---

1. Minn.Stat. § 525.56, subd. 4 (1984) provides in part:

    The duties and powers of a guardian or those which the court may grant to a conservator include, but are not limited to:
    (1) The duty to pay the reasonable charges for the support, maintenance, and education of the ward or conservatee in a matter suitable to his station in life and the value of his estate. Nothing herein contained shall release parents from obligations imposed by law for the support, maintenance, and education of their children. * * * Wherever possible and appropriate, the guardian or conservator should meet these requirements through governmental benefits or services to which the ward or conservatee is entitled, rather than from the ward's or conservatee's estate.