**In re CONSERVATORSHIP OF W.R.L. and C.A.L., formerly known as W.R.R. and C.A.R., Minor Conservatees.**

No. C7–86–1207.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Timothy A. Olcott, New Ulm, for appellant Somesen, Dempsey & Schade.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

The law firm engaged by the minor conservatees' guardian appeals from a trial court order disallowing a claim for attorney's fees in a proceeding to terminate the parental rights of the conservatees' father. Appellant contends that Minn.Stat. § 525.703 (1984) allows payment from the conservatees' estate. We affirm.

## FACTS

W.R.L. and C.A.L., both minors, are subject to a conservatorship, with the State Bank and Trust Company of New Ulm acting as conservator. A.R.L., the minor conservatees' mother, petitioned the Brown County Juvenile Court in 1982 to terminate the parental rights of R.R., the children's natural father, following his 1979 conviction of first-degree criminal sexual conduct for sexually abusing W.R.L. Although R.R. contested the action, the court terminated his parental rights in early 1984. Appellant law firm represented the conservatees' mother in this action.

In terminating R.R.'s parental rights, the trial court, in its findings of fact and conclusions of law, determined that (1) R.R. is unfit to be a parent; (2) the abuse permanently, psychologically and physically damaged W.R.L.; (3) no current father-son relationship exists between the children and R.R.; (4) there is no possibility for such a relationship; and (5) continued association could permanently harm W.R.L.'s physical and mental health.

When A.R.L. found she was unable to pay the $3,744.55 in attorney's fees, she petitioned the court to permit payment from the conservatees' estate. The trial court denied this request as well as appellant's subsequent motion for a new trial or an amended order and findings.

In a memorandum accompanying the July 8, 1986, order, the court pointed out that it addressed the question of who would pay attorney's fees in its January 3, 1982, order authorizing the law firm to proceed with the case:

It is obvious to the court that discussion was had as to who is going to pay and that Mrs. L. * * * was going to pay for her attorney to handle the matter as opposed to having the County Attorney handle it.

Appellant contends that because A.R.L.'s financial condition has changed since 1982, Minn.Stat. § 525.703 (Supp.1985) permits an award of attorney's fees from the minor conservatees' funds. Neither the letter from the law firm to the trial court nor the 1982 order is included in the trial court file. No transcripts were included with this appeal. The conserved estate amounted to $27,561.62 on December 31, 1985.

## ISSUE

Did the trial court abuse its discretion in refusing to order payment of attorney's fees from the minor conservatees' estate?

## DISCUSSION

Appellant argues that Minn.Stat. § 525.703, subd. 2 (Supp.1985), authorizes the court to order attorney's fees to be paid by the minor conservatees' estate in this situa-

tion. This statute provides in relevant part:

> Subd. 2. **Lawyer or health professional.** In proceedings under sections 525.54 to 525.702 a lawyer or health professional rendering necessary services with regard to the appointment of a guardian or conservator, the administration of the ward's or conservatee's estate or personal affairs or the restoration of his capacity, shall be entitled to reasonable compensation from the estate of the ward or conservatee or from the county * * * if the ward or conservatee is indigent. When the court determines that other *necessary services* have been provided for the benefit of the ward or conservatee by a lawyer or health professional, the court *may* order reasonable fees to be paid from the estate of the ward or conservatee * * *.

*Id.* (emphasis added).

The statute makes it clear that allowance of fees in cases such as this is left to the probate court's discretion to determine what services are necessary. The statute does not *require* fees for necessary services to be paid from the assets of the estate, other than for specified purposes.

Appellant relies on *In Re Soltis' Estate*, 177 Minn. 571, 225 N.W. 896 (1929), and *In Re Kaplan's Guardianship; Collins v. Marquette Trust Co.*, 187 Minn. 514, 246 N.W. 5 (1932), to support the proposition that the court was required to authorize payment of attorney's fees from conservatorship funds. Appellant incorrectly relied on these cases. *Collins* permitted use of an incompetent ward's funds for attorney's fees incurred in an action for restoration of capacity of the incompetent. *Collins*, 187 Minn. 514, 517, 246 N.W. 5, 6. In *Soltis' Estate* the court held that a mother may be compensated from her minor children's estate for their support when her own estate is not sufficient to support them and herself adequately. *Soltis*, 177 Minn. 571, 574, 225 Minn. 896, 897.

The distinguishing factor between those cases and this is that both *Collins* and *Soltis* uphold a trial court's discretion to authorize payment. The question of whether the attorney's fees were for necessary services is a fact question. A probate court's determination of factual questions will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. *In Re Conservatorships of T.L.R., C.A.R., D.M.R.*, 375 N.W.2d 54, 58 (Minn.Ct.App.1985).

The trial court made no finding that the fees were "necessary." On the contrary, it found that the children's mother agreed to pay for "her attorney to handle the matter as opposed to having the County Attorney handle it. It was on this basis that the Court signed the order authorizing it." We do not find any clear error in this determination.

Finally, Minn.Stat. § 525.703 cannot be read in isolation, but must be considered in relation to Minn.Stat. § 525.56, subd. 4(1) (1984), which provides:

> Nothing herein contained shall release parents from obligations imposed by law for the support, maintenance and education of their children. The guardian or conservator has no duty to pay for these requirements out of his own funds. *Wherever possible and appropriate, the guardian or conservator should meet these requirements through governmental benefits or services to which the ward or conservatee is entitled, rather than from the ward's or conservatee's estate.* * * *

*Id.* (emphasis added).

We believe the purpose of this language is to safeguard the conservatees' estate from depletion. The court's order is in keeping with this purpose.

## DECISION

When the guardian of minor conservatees has agreed to be responsible for attorney's fees in an action to terminate parental rights, the probate court did not abuse its discretion in disallowing payment of the fees from conservatees' estate.

Affirmed.