In re CONSERVATORSHIP OF Henry Maurice MOORE, Gregory Marcel Moore and Timothy Dennis Moore, Jr., Minor Conservatees.

No. CX–87–305.

Court of Appeals of Minnesota.

July 7, 1987.

was not held until December, 1986, when the 1985 accounting, filed one year late, was examined by the court. Monies expended prior to the conservatorship were disallowed while almost $23,500 for the period May, 1985 to December, 1985 were approved. The conservatees allege all approved expenditures were improper and that Moore should be removed as conservator. They also request the forfeiture of the conservator's $16,000 bond. We reverse and remand.

## FACTS

Timothy Moore and Denise Johnson lived together for ten years. Although the two never married, they had three children. Denise was diagnosed with leukemia in January, 1984. Timothy spent a great deal of time caring for Denise, and he lost his job. He has worked little since that time. Denise died in October, 1984.

Moore married in December, 1984. He and his wife are raising his three sons and her two children. His wife Karen works, earning $14,000 a year, but Moore is not employed.

Moore deposited his sons' monthly social security checks of $999 into a joint checking account he had with his wife. He also deposited the boys' insurance money in the family's joint checking account, which was used to pay for the family's needs.

During the May 17, 1985 to December 13, 1985 period of the conservatorship, $21,105 in insurance proceeds and $6,993 in social security were received. The expenditures include: $8,649.23 in house payments; $495.75 for appliances; $1596.25 for furniture; $1191 for a car; $3040.48 in unexplained miscellaneous expenditures and items such as "pet kennel and vet", $202.96; day care, $1,215.50; house maintenance, $403.42; "cable t.v. and video rental", $139.52; music, $376.46; yard maintenance, $366.36; food, $2,756.76; and a memorial plaque for the boys' mother, $59.76. All these disbursements were approved by the probate court.

John M. Lund, Minneapolis, for appellants Henry, Gregory and Timothy Moore.

Wilbur M. Lasley, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., PARKER and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Timothy Moore was appointed conservator for his three sons, twins age 11 and a six year old, following the death of the boys' mother. The assets consisted of insurance money and social security payments. The removal of Moore as conservator was sought in late 1985, but a hearing

**ISSUE**

Did the court abuse its discretion when it approved the conservator's disbursements of $23,498.08 for a seven month period?

**ANALYSIS**

Moore argues that the expenditures were for the care of the children and justified because he had no income during the accounting period. He claims his shoddy record-keeping and method of disbursement resulted from poor information as to the procedure a conservator must follow.

Timothy Moore has a duty as a parent to provide for his children. A parent's duty includes providing necessary food, clothing, shelter, education, and other care essential for the physical, mental and emotional health and development of children. *See* Minn.Stat. § 260.221(b)(2) (1986). The statute recognizes that all parents may not be physically or financially capable of meeting all a child's needs. *Id.*

The conservator's duties are set forth as follows:

> The duty to pay the reasonable charges for the support, maintenance, and education of the * * * conservatee in a manner suitable to the * * * conservatee's station in life and the value of estate. Nothing herein contained shall release parents from obligations imposed by law for the support, maintenance, and education of their children. The guardian or conservator has no duty to pay for these requirements out of personal funds. Wherever possible and appropriate, the guardian or conservator should meet these requirements through governmental benefits or services to which the * * * conservatee is entitled, rather than from the * * * conservatee's estate. Failure to satisfy the needs and requirements of this clause shall be grounds for removal, but the * * * conservator shall have no personal or monetary liability * * *.

Minn.Stat. § 525.56, subd. 4(1) (1986).

■ The conservator is a fiduciary with a duty to guard the entrusted assets. See, *e.g., In re Estate of Schober*, 303 Minn. 226, 229, 226 N.W.2d 895, 897 (1975). This court interpreted § 525.56, subd. 4(1), as mandating the conservator "to safeguard the conservatees' estate from depletion." *In re W.R.L.*, 396 N.W.2d 705, 707 (Minn. Ct.App.1986).

*In re T.L.R.*, 375 N.W.2d 54 (Minn.Ct. App.1985), concerned a similar situation. Three children received insurance proceeds and monthly government benefits upon their father's death. Their mother was appointed conservator. She was under court order, however, to establish a separate account, to spend the insurance money only upon court order, and to make quarterly reports to the court. She failed to comply.

After an examination of the annual accounting, the probate court determined the conservator breached her fiduciary duty and spent $14,000 without court order and not for the purpose of maintaining the children. (Eventually $1,125 was subtracted from the figure for the children's dental work.) The expenditure of government benefits was not at issue because "the statute * * * contemplates that these monthly benefits be used to support the children." 375 N.W.2d at 58. The court held that the insurance funds could not be depleted for "food, utilities, housing, furniture, moving expenses, and medical expenses incurred by the family. Pursuant to Minn.Stat. § 525.56, subd. 4(1), [the conservator] was obligated as a parent to pay these types of expenses." *Id.* Although the court in *T.L.R.* emphasized that the conservator violated the trial court's order in not obtaining court approval prior to spending the insurance money, we do not believe the conservator's duty is diminished in any way by the absence of a specific court order.

Factual questions in probate court are evaluated under the clearly erroneous standard. *Id.* The accounting ledger shows the depletion of nearly all the insurance proceeds in addition to the $7,000 in government payments, not on the conservatees' behalf, but to support the entire family of seven.

■ It is both the conservator's and the court's duty to protect the assets from

depletion. *See Schober,* 303 Minn. at 229–30, 226 N.W.2d at 897–98. This depletion cannot be justified on the grounds that it was for the shelter and support of the three boys since they are entitled to those necessities and should not be forced to shoulder the costs of their own shelter and support, as well as those for father, stepmother and her children.

 Where a parent/conservator has sufficient resources to support his children, the government payments for the children's future use would be saved for their later benefit. When resources are not sufficient, government payments may be used to supplement or replace a parent's inadequate income to provide for the conservatees. Even where social security benefits are used for the children's necessities, the conservator must still account for the expenditures. Although there was no meaningful account of this resource by Moore, we do not find reversible error where the parent was unemployed.

■ The probate court committed clear error when it approved depletion of the conservatees' insurance proceeds so that four other family members could enjoy food, clothing, a new house, car, furnishings, cable t.v., records, and lawn care. The situation is exacerbated since Moore's wife earns $14,000 a year and the accounting suggests the conservatees' assets were used for her and her children's expenses. Neither the statute nor case law support the dissipation of assets which occurred here. Absent unusual needs *of the children,* the insurance proceeds must be preserved for their future use. See *In re Glenn,* 363 N.W.2d 348, 350 (Minn.Ct.App. 1985); *In re W.R.L.*

The attorney's fees for establishing the conservatorship and in attempting to put together a yearly accounting from totally inadequate records are allowed. The trial court shall also allow attorney's fees to the same counsel for moving on behalf of the conservatees to remove this guardian.

## DECISION

The probate court committed clear error when it approved a conservator's accounting for disbursements of nearly $23,500 over a seven month period for expenditures incurred by a family of seven rather than the three conservatees. The conservator cannot demonstrate that the insurance proceeds were disbursed *solely* on the conservatees' behalf so all disbursements are disallowed. We remand to the probate court with directions to remove the conservator and to order forfeiture of his bond and to determine reasonable attorney's fees incurred both before the trial court and the appellate court in removing the guardian.

Reversed and remanded.