**Teresa MORRIS, Appellant,**

v.

**HENNEPIN COUNTY WELFARE BOARD, Minnesota Department of Human Services, Respondents.**

No. C9–94–1321.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Mark T. Porter, Michael W. Unger, Hvass, Weisman & King, Chtd., Minneapolis, for appellant.

Michael O. Freeman, Hennepin County Atty., Michael J. Gallagher, Asst. County Atty., Minneapolis, for Hennepin County Welfare Bd.

Hubert H. Humphrey, III, Atty. Gen., William Hall Mondale, Asst. Atty. Gen., St. Paul, for Minnesota Dept. of Human Services.

Considered and decided by HUSPENI, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

HUSPENI, Judge.

Hennepin County denied appellant AFDC cash benefits because her monthly income, comprised of child support payments and payments into her minor child's conservatorship account, was too great. Appellant sought review of the denial in the district court, which denied her motion for summary judgment and affirmed the decision of the state agency. Because we conclude that funds paid into a minor settlement conservatorship account were inappropriately considered in establishing appellant's monthly income, we reverse.

## FACTS

Appellant's son Joshua suffered *in utero* injuries in 1981. Appellant sued on his behalf. The settlement agreement, approved by the court in 1990, provided for an immediate cash payment of $184,010.00 to appellant, as Joshua's mother and natural guardian, and for three types of future payments to Joshua, who will be 18 in April 1999: annual payments of $500 from 1991 through 1999; monthly payments of $1,558.97, increasing at 4% annually for the first 30 years of his majority; and monthly payments of $400, increasing at 5% annually for the remainder of his minority. These last payments gave rise to this action.

The settlement provided for the monthly payments to be placed in a minor trust account, from which they could be withdrawn only to pay expenditures previously approved by the court. Initially, there were no other restrictions on the use of the payments. Because it became inconvenient for appellant to seek prior court approval of monthly expenditures, she petitioned the district court in Douglas County, where she and her son were then living, to have the trust account changed to a conservatorship account and herself named as conservator. Her petition stated that among the powers needed was the power "to disburse such fund for the sole and exclusive benefit of Joshua Morris for his medical, rehabilitative and/or educational needs." Douglas County District Court granted her petition on April 15, 1991, ordering that

> the conservator Teresa Morris is empowered to transfer all funds in the· Joshua Morris Minor Trust Account to a federally insured interest bearing savings account * * * and to deposit all future funds, currently payable to "Joshua Morris Minor Trust Account" under the structured settlement to the conservatorship account.

> The conservator, Teresa Morris, is authorized to make disbursements from the conservatorship account, without seeking prior court approval, solely for the exclusive benefit of Joshua Morris' reasonable medi-

cal, rehabilitative or educational needs related to his birth disabilities.

On June 6, 1991, Hennepin County District Court ordered that all assets from the Joshua Morris minor trust account were to be transferred to the conservatorship account and all future proceeds payable to the Joshua Morris minor trust account pursuant to the settlement were to be deposited in the conservatorship account. Appellant testified that she, by necessity, made disbursements from the conservatorship account to pay household bills for herself, Joshua and his brother Jesse.[1]

The payments into the conservatorship account had risen to $441 monthly when appellant applied for AFDC in 1993. Because appellant also receives $347 monthly in child support, her monthly income was determined to be $788, which exceeds the $532 per month limit for AFDC cash assistance payments to three-person households. Her application for these payments was therefore denied.

The referee and subsequently the chief appeals referee upheld the denial of AFDC cash benefits. Appellant then sought review in district court, and moved for summary judgment to reverse the referee's decision. She· appeals from the denial of that motion. The denial of appellant's motion for summary judgment had the effect of determining the action by affirming the referee's denial of benefits, and is therefore appealable pursuant to Minn.R.Civ.App.P. 103.03(e).

## ISSUE

Are the restricted use funds in a minor settlement conservatorship account included in household income for purposes of determining AFDC eligibility?

## ANALYSIS

In reviewing a summary judgment, this court looks at whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281

1. Appellant has since petitioned to be replaced as conservator of the account; this petition was granted in June 1993. In August 1993, the probate court surcharged appellant $7,558.00 for improper disbursements made during her conservatorship.

N.W.2d 328, 330 (Minn.1979). Appellant does not allege the existence of genuine issues of material fact, but opposes the district court's legal conclusion.

In determining issues of law, this court does not defer to the trial court. We may make an independent judgment based on our own interpretation of applicable statutes and case law.

*In re Welfare of M.B.P.*, 473 N.W.2d 389, 390 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991) (citations omitted). Therefore, we review the district court's decision de novo.

The district court determined that the funds in her son's conservatorship account were available to appellant.

To the extent not inconsistent with any other provision of this chapter, income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

45 C.F.R. § 233.20(a)(3)(ii)(D) (1992). Appellant does not dispute that the funds were actually available to her, but disputes their legal availability pursuant to Minn.Stat. § 540.08 (1992), which reads in relevant part:

A parent may maintain an action for the injury of a minor son or daughter. * * * [U]pon petition of the parent, the court may order that the property received [as a result of this action] be invested in * * * a savings account * * * or other form of structured settlement, subject to the order of the court. * * * *Money or assets in an account established by the court under this section are not available to the minor child or the child's parent or guardian until released by the court to the child or the child's parent or guardian.*

(Emphasis added.) The underlined language was added as part of a 1989 amendment.[2] Appellant argues that because the funds in the conservatorship account can be used only

for Joshua's medical, rehabilitative and educational expenses, not for the general living expenses of his family, they have not been released to her for family use. We agree.

Appellant's argument is congruent with Minn.Stat. § 525.56, subd. 4(1) (1992), which sets out the duties of a guardian or conservator relative to an estate:

Nothing herein contained shall release parents from obligations imposed by law for the support, maintenance and education of their children. * * * Whenever possible and appropriate, the guardian or conservator should meet these requirements through governmental benefits or services to which the ward or conservatee is entitled, rather than from the ward's or conservatee's estate.

"We believe the purpose of this language is to safeguard the conservatees' estate from depletion." *In re Conservatorship of W.R.L.*, 396 N.W.2d 705, 707 (Minn.App.1986). Depleting her son's estate to support the household would violate the duties of a conservator.

*In re Conservatorship of T.L.R.*, 375 N.W.2d 54, 58 (Minn.App.1985) upheld the removal of a mother as conservator because she had expended insurance funds available to her children for the family's food, utilities, housing, furniture, moving expenses and medical expenses. "Pursuant to Minn.Stat. § 525.56, subd. 4(1), appellant was obligated as a parent to pay these types of expenses." *Id.* Appellant's bond was ordered forfeited to partially reimburse the children's estate, and a judgment for the remainder was upheld against her.

Similarly, *In re Conservatorship of Moore*, 409 N.W.2d 14 (Minn.App.1987) held that conservatees' assets were not available for the support of themselves or their family.

It is both the conservator's and the court's duty to protect [the conservatees'] assets from depletion. This depletion cannot be justified on the grounds that it was for the shelter and support of the three boys since

---

**2.** The amendment has been construed by this court. *See, e.g., In re Welfare of M.F.*, 473 N.W.2d 367, 370 (Minn.App.1991) (the amendment is unambiguous; it effectively grants the trial court discretion to determine whether a

minor's settlement funds should be released); *In re Welfare of M.B.P.*, 473 N.W.2d at 391 ("If not released by the trial court, then the minor settlement funds cannot be considered attributable to the child").

they are entitled to those necessities and should not be forced to shoulder the costs of their own shelter and support, as well as those for father, stepmother and her children.

\* \* \* \* \* \*

The probate court committed clear error when it approved depletion of the conservatees' insurance proceeds so that four other family members could enjoy food, clothing, a new house, car, furnishing, cable t.v., records and lawn care.

*Id.* at 16–17 (citation omitted). Here, appellant testified that because AFDC benefits were denied, she did use conservatorship account funds to pay general living expenses. Appellant argues that, by approving the denial of AFDC benefits on the grounds that the conservatorship account payments are part of appellant's income, the district court implicitly and inappropriately approved the depletion of the minor's estate for the support of the household.

Because the language restricting the use of the monthly payments into the conservatorship account appears first in appellant's petition to have the trust account changed to a conservatorship account, the trial court found that appellant herself was responsible for that restriction. The funds in the original trust account had been available to appellant, but only for expenditures previously approved by the court. Pursuant to *Moore* and *T.L.R.*, the court would not have approved depleting a minor's trust account to pay the normal household expenses for the minor, his mother and his brother. Therefore, the funds were no more restricted in the conservatorship account than they had been in the trust account.

## DECISION

The district court erred in holding that restricted funds in a minor settlement conservatorship account were available for the purpose of determining the AFDC eligibility of the minor's household.

**Reversed.**