In the Matter of The REVOCATION OF MANUFACTURED HOME DEALER LICENSE MD1518 ISSUED TO William H. TOBERMAN to sell under the name M.H.I. Manufactured Homes, Inc.

No. C0–94–1403.

Court of Appeals of Minnesota.

Feb. 7, 1995.

Review Denied April 27, 1995.

William R. Skolnick, Mark V. Steffenson, William R. Skolnick, P.A., Minneapolis, for relator William H. Toberman.

Hubert H. Humphrey, III, Atty. Gen., Amy V. Kvalseth, Asst. Atty. Gen., St. Paul, for respondent Commissioner.

Considered and decided by HARTEN, P.J., and PARKER and MANSUR, JJ.

## OPINION

MANSUR,* Judge.

Relator William H. Toberman seeks review by writ of certiorari of the Commissioner of the Department of Administration's (Department) ruling suspending relator's license to sell manufactured homes. Relator contends federal law preempts Minnesota's Manufac-

tured Home Building Code (Minn.Stat. §§ 327.31–.36) from regulating the sale of used manufactured homes. Relator challenges the Commissioner's adoption of the ALJ's findings and contends the Commissioner erred in suspending his home dealer's license pursuant to Minn.Stat. § 327B.05, subd. 1 (1992).

## FACTS

Relator William H. Toberman has been a licensed manufactured home dealer in Minnesota since 1983. In December 1988, November 1990, and May 1992, the Department found relator to be committing material violations of Minnesota's Manufactured Home Building Code (Minnesota Code). These violations resulted in three settlement agreements .with the Department, wherein relator agreed to comply with the Minnesota Code in the future. The Department also ordered relator to pay penalties, and in some cases to repurchase homes from his customers. Relator agreed that violations of the settlement agreements would result in license revocation proceedings.

On September 2, 1993, the Commissioner of the Department of Administration notified relator that the Department had initiated proceedings to determine whether relator's home dealer license should be revoked. The Department charged relator with: (1) selling new and used manufactured homes that did not comply with the Code; (2) violating previous settlement agreements between relator and the Department; (3) violating the Commissioner's previous orders; (4) violating the Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68–.70 (1992); (5) violating title transfer laws, Minn.Stat. §§ 168A.04, subd. 2, 327B.05, subd. 1(n) (1992); (6) failing to provide correct Safety Feature Disclosure Forms to buyers; and (7) failing to honor express warranties.

The parties filed cross motions for summary judgment. Relator specifically contested charges regarding a May 16, 1988 sale of a used manufactured home to Barbara

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

Anderson. The alleged Minnesota Code violations of the Anderson home were that it had not been designed for the proper winter climate and roof zones. Relator contended federal law preempted Minnesota law regulating the sale of used manufactured homes, and thus, the Anderson sale was exempt from the Minnesota Code's requirements. Relator contended that because Minnesota law allows for only one roof load zone in the structure of manufactured homes, and federal law allows for two zones in the State of Minnesota, state and federal law conflict, and thus, Minnesota law is preempted. The ALJ rejected this argument, and denied both parties' motions for summary judgment except for dismissing the Department's charges surrounding a sale to Beth and Robert Cowell. After a contested case hearing, the ALJ found relator committed all of the alleged charges, except for violating settlement III, because no future violations could be found, as prohibited by that settlement.

The Commissioner adopted the ALJ's findings with a few amendments. The Commissioner found relator had violated settlement III by committing future violations. The Commissioner also made a finding that building code, title and safety disclosure violations were present in the Cowell transaction, and hence, this could also be considered a "future violation" under settlement III.

On appeal, relator contends: (1) the Commissioner erred in ruling federal law does not preempt Minnesota law regulating the sale of used manufactured homes; (2) substantial evidence on the record fails to support the findings that a "reasonably prudent dealer would have known" that the Anderson sale did not comply with Minnesota law, and that relator committed "future violations" and thus violated settlement III; and (3) the Commissioner's decision to suspend relator's license was arbitrary and capricious.

## ISSUES

1. Did the Commissioner err in holding that federal law does not preempt Minnesota law regulating the sale of used manufactured homes?

2. Is there substantial record evidence supporting the Commissioner's findings that

a "reasonably prudent dealer would have known" that the Anderson sale did not comply with Minnesota law, and that relator committed "future violations" thus violating settlement III?

3. Was the Commissioner's decision suspending relator's home dealer's license arbitrary and capricious?

## ANALYSIS

■ 1. Whether state action is preempted by federal law turns on the intent of Congress. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985). Federal law may preempt state law in three ways: (1) when congress explicitly defines the extent to which it intends to preempt state law; (2) when congress indicates an intent to occupy an entire field of regulation; and (3) when congress has not displaced state regulation entirely, but state law conflicts with federal law and compliance with both laws is impossible. *Michigan Canners & Freezers Ass'n. v. Agricultural Mktg. & Bargaining Bd.,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984).

■ The federal statute at issue in this case is The National Manufactured Housing Construction and Safety Act of 1974 (Act), 42 U.S.C.A. §§ 5401–5426 (1983). Relator contends the Act preempts application of the Minnesota code to the sale of used manufactured homes. The legislature stated its intentions regarding the Act's preemption of state law:

> Whenever a Federal manufactured home construction and safety standard established under this chapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any manufactured home covered, any standard regarding construction or safety applicable to the same aspect of performance of such manufactured home which is not identical to the Federal manufactured home construction and safety standard.

42 U.S.C.A. § 5403(d). The State of Minnesota's standards regarding the construction and safety of manufactured homes are identi-

cal to the federal government's, as the Minnesota Code expressly defines its standards as:

> [T]he manufactured home construction and safety standards promulgated by the United States Department of Housing and Urban Development which are in effect at the time of the manufactured home's manufacture.

Minn.Stat. § 327.31, subd. 3 (1992).

Federal law also exempts the sale of used manufactured homes from its regulations. 42 U.S.C.A. § 5409(b)(1). Minnesota law, however, does not. We hold the State of Minnesota has the authority to regulate the sale of used manufactured homes where federal law has exempted used home sales from its purview, and Minnesota law regulating the safety and construction of new homes is identical to federal law.

Moreover, the federal law preempts only those aspects of a state law which are in conflict with the Act's operation.

> The test of whether a State rule or action is valid or must give way is whether the State rule can be enforced or the action taken without impairing the Federal superintendence of the manufactured home industry as established by the Act.

24 C.F.R. § 3282.11(d) (1994). The roof load zone Minnesota law allows in the Twin Cities area, the area in which the Anderson home is located, is identical to the roof load federal law allows. Imposition of Minnesota law regulating the sale of new and used manufactured homes does not impair the "[f]ederal superintendence of the manufactured home industry as established by the Act." *Id.*

Relator urges this court to follow the Wisconsin Court of Appeals in *Liberty Homes Inc. v. Department of Industry, Labor & Human Relations,* 125 Wis.2d 492, 374 N.W.2d 142 (Ct.App.1985), *aff'd on appeal,* 136 Wis.2d 368, 401 N.W.2d 805 (Wis.1987). The *Liberty* court held federal law preempted a Wisconsin rule regulating the permissible formaldehyde concentration in ambient indoor air of used manufactured homes. *Id.,* 375 N.W.2d at 155. This case is distinguishable. In *Liberty,* the Wisconsin rule conflicted with uniform federal construction and safety standards. *Id.* at 154. In this case, the roof load and winter climate zones specified in the federal standards vary amongst the states, and thus, federal law does not preempt the State of Minnesota from regulating used manufactured homes in this regard.

2. Relator contends substantial evidence on the record fails to support the Commissioner's findings and conclusions. Substantial evidence is defined as:

1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;
2. More than a scintilla of evidence;
3. More than some evidence;
4. More than any evidence; and
5. Evidence considered in its entirety.

*Cable Communications Bd. v. Nor-west Cable Communications Partnership,* 356 N.W.2d 658, 668 (Minn.1984).

Relator challenges the Commissioner's finding that a reasonably prudent dealer would have known that the Anderson home did not comply with Minnesota law. A dealer's license may be revoked when the dealer

> has sold or brokered the sale of a home containing a material violation of sections 327.31 to 327.35 about which the dealer knew or which should have been obvious to a reasonably prudent dealer.

Minn.Stat. § 327B.05, subd. 1(e) (1992).

Evidence in the record showed that the Minnesota Building Code and Standards Division repeatedly disseminated information about the federal and state laws with which used manufactured home dealers must comply. Furthermore, the data plate in the mobile home would have indicated which roof load and winter climate the home had been manufactured for. This constituted substantial evidence in the record to support a finding that a reasonably prudent dealer would have known that the Anderson home violated the Minnesota Code.

Relator also challenges the Commissioner's finding that he had committed subsequent violations, and thus, violated settlement III. Relator committed title transfer and Safety Feature Disclosure Form violations when he

142

sold a manufactured home to Claude and Judy Feinstein on July 27, 1992. Relator argues the Feinstein complaints were timely resolved because they were corrected within 40 days. Minn.Stat. § 327.34, subd. 1(d) (1992) makes it a misdemeanor for any person

> to fail to correct a manufactured home building code violation in a manufactured home * * * which is owned, manufactured, or sold by that person, within 40 days of being ordered to do so.

This provision does not apply to the Feinstein violations because they did not involve building code violations. Instead, they involved title transfer and Safety Feature Disclosure Form violations. Thus, relator's correction of the violations within 40 days does not preclude the Commissioner from finding a future violation as prohibited by settlement III. Having determined the Feinstein complaints supported by substantial evidence in the record, we need not consider the legality of the Cowell transaction.

■ 3. Review of an agency decision under the arbitrary or capricious standard is a narrow review. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971). If there is room for two opinions on a matter, the agency's action is not arbitrary and capricious even though the court may believe that an erroneous conclusion has been reached. *In re Rochester Ambulance Serv.*, 500 N.W.2d 495, 499 (Minn.App.1993). An agency's decision may be arbitrary and capricious if the decision represents the agency's will and not its judgment. *Id.*

■ We hold the Commissioner's decision to suspend relator's home dealer's license was not arbitrary and capricious. Relator had entered into and violated three previous settlements with the Department. Relator also fails to present any evidence showing the Commissioner's decision represented the agency's will and not its judgment.

## DECISION

The Commissioner did not err in concluding that federal law does not preempt the State of Minnesota from regulating the sale of used manufactured homes. Substantial evidence on the record exists to support the Commissioner's findings that a reasonably prudent dealer would have known that the Anderson sale did not comply with the Code, and that relator committed future violations and thus violated settlement III. The Commissioner's decision to suspend relator's home dealer's license was not arbitrary and capricious.

Affirmed.